**FRANK N. SHAFFER FAMILY LIMITED PARTNERSHIP and Kevin and Kendra Shaffer, Appellants**

v.

**ZONING HEARING BOARD OF CHANCEFORD TOWNSHIP and Chanceford Township.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 2008.

Decided Oct. 23, 2008.

Ordered Published Jan. 15, 2009.

Robert G. Dobslaw, Lancaster, for appellants.

D. Michael Craley, Red Lion, for appellee, Zoning Hearing Board of Chanceford Township.

BEFORE: SMITH–RIBNER, Judge, and PELLEGRINI, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Frank N. Shaffer Family Limited Partnership (Partnership) and Kevin and Kendra Shaffer (Shaffers) (together "Appellants") appeal from an order of the Court of Common Pleas of York County affirming a decision by the Chanceford Township Zoning Hearing Board (Board) to uphold the enforcement notice issued by the Township to Appellants based upon their violation of Sections 201 and 203 of the Township Subdivision and Land Development Ordinance (SALDO).[1] The case arises out of the creation and development of a planned community.

The Partnership owned twenty-five acres of vacant land (Property). In June 2005 the Shaffers applied for a building permit for a single family dwelling (Shaffer house) on the northwest corner of the Property; zoning and construction permits and later a certificate of occupancy were issued to "Frank Shaffer" as the record owner. In October 2006 it created the "Shaffer Planned Community" out of the Property under the Uniform Planned

1. Section 201 (Jurisdiction) of the SALDO provides: "No subdivision of any lot, tract or parcel of land shall be affected ... for public use or travel, or for the common use of occupants of building abutting thereon, except in strict accordance with the provisions of these regulations." Section 203 (Violation) of the SALDO provides: "It shall be a violation of this Ordinance for any person, partnership or corporation to subdivide any land ... or to create any land development in Chanceford Township without first having a final plan approved...."

Community Act (UPCA), *as amended,* 68 Pa.C.S. §§ 5101–5414, by recording a declaration and plat.

The plat shows the Property divided into three areas: "Unit 1" containing the Shaffer house on one acre; "Unit A" containing approximately twenty-two acres of vacant land; and "Common Open Space," a narrow strip of approximately two acres of vacant land, located along the southern border of the Property. *See* Plat, Certified Record (C.R.), Exhibit 17. The declaration defines a unit "as being a separate and distinct parcel of real property, the location and dimensions of the vertical boundaries of which (the equivalent of "lot lines") are shown on the plat and the horizontal unit boundaries of which are coextensive with the horizontal boundaries of the Subject Property[.]" Declaration, p. 6, C.R., Exhibit 17. A "unit" is defined in Section 5103 of the UPCA as "a physical portion of the planned community designated for separate ownership or occupancy. . . ." Immediately after recording the declaration, the Partnership conveyed by deed Unit 1 with a separate tax parcel number to the Shaffers.

Appellants question whether a planned community "unit" interest is less than the full bundle-of-rights property interest, such that creation and division of a unit interest is not subdivision or land development; whether a unit is a portion of a parcel of real property with rights of ownership or occupancy that cannot exist separately from a planned community and therefore incapable of being a divided lot; and whether creation of a planned community out of the entire parcel and later conveyance of a unit is not a subdivision or land development under Section 5106(c) of the UPCA. They also question whether Section 5106(c) is inconsistent with Section 107(a) of the Pennsylvania Municipalities Planning Code (MPC).[2]

The Township issued its enforcement notice for Appellants' failure to submit a land development plan and for unlawful subdivision. It provided:

---

2. Section 5106 of the UPCA, 68 Pa.C.S. § 5106, states in part as follows:

(a) **General rule.**—A zoning, subdivision, building code or other real estate use law, ordinance or regulation may not prohibit a planned community form of ownership or impose any requirement upon any structure in a planned community which it would not impose upon a physically identical structure under a different form of ownership.

(b) **Current law unaffected.**—Except as provided in subsection (a), no provision of this subpart invalidates or modifies any provision of any zoning, subdivision, building code. . . .

(c) **Status.**—The creation of a planned community under section 5201 (relating to creation of planned community) out of an entire lot, parcel or tract of real estate shall not, in and of itself, constitute a subdivision or land development for the purpose of laws, ordinances and regulations.

Section 107(a) of the MPC, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10107(a), provides that "Land Development" comprises any of the following activities:

(1) The improvement of one lot or two or more contiguous lots . . . for any purpose involving:

(i) a group of two or more residential or non-residential buildings . . .; or

(ii) the division or allocation of land or space, whether initially or cumulatively, between or among two or more existing or prospective occupants by means of, or for the purpose of, streets, common areas, leaseholds, condominiums, building groups or other features.

(2) A subdivision of land.

. . . .

Subdivision also is defined as "the division or redivision of a lot, tract or parcel of land by any means into two or more lots, tracts parcels or other divisions of land including changes in existing lot lines for the purpose, whether immediate or future, of lease, . . . transfer of ownership or building or lot development. . . ." These definitions are mirrored in Section 303 of the SALDO.

[T]he creation of a planned community falls within the definition of land development at section 303 of [the SALDO]. Therefore, purporting to develop your property as a planned community without first submitting a land development plan to ... the Township ... constitutes a violation of [the SALDO]....

Further, purporting to transfer title and ownership of a portion of the Property without review and approval of the township planning bodies constitutes an illegal subdivision of the Property ... and thus is a separate violation of the Township's ordinances.... While [the UPCA] describes creation of a planned community from an entire lot or parcel as an action which in and of itself is not a subdivision, the subsequent transfer of the one-acre "unit" of ownership from [the Partnership] to [the Shaffers] does constitute a subdivision....

Enforcement Notice, C.R., Exhibit 17, Item T–6. Following a hearing, the Board affirmed the notice. Citing § 16.01 of Gary Glazer's Pennsylvania Community Association Law and Practice, the Board determined that Section 5106 of the UPCA does not exempt a project from zoning, subdivision and land development law but does prohibit discrimination against a planned community association by local regulations. It also cited Chapter 11, Section 3.10 of Robert Ryan's Pennsylvania Zoning Law and Practice, which stated that "if a conversion requires the creation of new physical structures or a traditional subdivision of the tract, then the creation of condominiums should not afford the owner any favored status with respect to the local subdivision ordinance."

The Board reasoned that Section 5106 of the UPCA neither favors a planned community nor preempts the MPC or local authority to require subdivision and land development approval. It concluded·in its Decision as follows:

Prior to the filing of the Declaration and the Plat, the Property consisted of a single tract of 25+/acres improved with one dwelling, all owned by ... [the Partnership]. The filing of the Declaration and the Plat divided the land into three "units".... These three units of land did not exist as separate "units" prior to the filing of the Declaration and Plat. It is ... unquestionable that the filing of the declaration constituted a division or change in lot lines relative to the 25 acres, and this is a "subdivision" and "land development" within the purview of the definition in the MPC and Chanceford SALDO.

... A municipality has the power ... to regulate the establishment and development of condominiums through its zoning, land development and subdivision ordinances. *Bensalem Township v. Salem Harbour Joint Venture*, 21 Pa. D. & C.3rd 341 (C.C.P. Bucks Co., 1981).... While the court in *Salem Harbour* concluded that a condominium conversion of existing dwelling units within an apartment complex without change in lot lines or existing structures was not a subdivision, the court ... emphasized the difference between that and "new" construction or division of land or space.

The same analysis would apply under the UPCA. Under the above authorities, had Shaffer obtained Township approval under the SALDO and lawfully subdivided the land into Unit 1, Unit A, and a third lot containing the Common Area, any *subsequent* conversion of those lots into a Planned Community would not have required further municipal approval.

*Id.,* pp. 10–11. The trial court affirmed without taking additional testimony or evi-

dence. Hence, this Court's review will be limited to deciding whether the Board committed an error of law or abused its discretion. *Dudlik v. Upper Moreland Township Zoning Hearing Board*, 840 A.2d 1048 (Pa.Cmwlth.2004).

■ Appellants argue that the property interest in a planned community or condominium unit is limited to ownership and occupancy under the UPCA, the declaration or the Uniform Condominium Act (UCA), *as amended*, 68 Pa.C.S. §§ 3101–3414, and that the right to use the property remains with the planned community or condominium, of which a unit is only a portion. Also asserting that property comprises a "bundle of rights,"[3] Appellants contend that the ownership and use of property are separate rights. Citing the UPCA's definition of a "unit," Appellants assert that it exists only as a part of a planned community and that a "Lot" under Section 107(a) of the MPC is "a designated parcel, tract or area of land ... to be used, developed or built upon as a unit"; although a lot can be a unit, a unit cannot be a lot because it cannot be separately used or developed.

Appellants cite *Ludwig v. Zoning Hearing Board of Earl Township*, 658 A.2d 836 (Pa.Cmwlth.1995), where the Court held that a municipality may not regulate the manner of ownership of the legal estate if a use is permitted. They also cite *Brookhaven Borough v. Iacobucci*, 69 Pa. D. & C.2d 190 (1974), where the trial court dismissed the borough's claims that the sale of existing apartment units as condominiums constituted subdivision and that owning the units as condominiums is a step toward subdivision. The trial court held that the borough had no authority under the MPC to control the form of ownership

of real property where the change in form does not change the buildings on the property or their use. Appellants analogize their case to *Salem Harbour* where the trial court held that "the structures existing on the tract were erected pursuant to the township's approval.... Thereafter, we conclude that a condominium conversion without a redivision of any boundary lines or change of any existing structure does not constitute a new subdivision...." *Id.*, 21 Pa. D. & C.3d at 346–347. They submit that the UPCA and UCA are almost identical and that any conflict between Section 107 of the MPC and Section 5106 of the UPCA can be reconciled by recognizing that creating planned community units is not land subdivision.

In response, Appellees note that the present case may be one of first impression involving Section 107 of the MPC and Section 5106 of the UPCA, which are not in conflict. They posit that nothing in the UPCA shows a legislative intent to preempt or supersede the MPC and that the issue is whether the UPCA prohibits the Township from enforcing its SALDO provisions. Citing the same section in Ryan's treatise as did the Board, Appellees claim that Appellants seek a favored status and that they misread the UPCA's legislative intent. In addition, the issue of whether plans come within the MPC's definition of land development is a question of law, *see Lehigh Asphalt Paving v. Board of Supervisors of East Penn Township*, 830 A.2d 1063 (Pa.Cmwlth.2003), and the trial court in *Brookhaven Borough* held that "it is the division of the land which constitutes a subdivision" rather than the division's purpose. *Id.*, 69 Pa. D. & C.2d at 193–194.

---

3. Appellants cite, among other cases, *Nicoletti v. Allegheny County Airport Authority*, 841 A.2d 156 (Pa.Cmwlth.2004) (holding that owner can divide fee simple into bundles of rights).

Appellees stress that the declaration and plat divided land into three units; the filing not only converted the form of ownership but divided or changed lot lines, which is a subdivision and land development under the MPC. Appellees distinguish *Salem Harbour* based upon the trial court's emphasis on differences in converting existing units from converting units from new construction or division of land; had Appellants lawfully subdivided the land initially, a later conversion into planned community forms of ownership would have required no municipal approval. In their reply brief Appellants reiterate that allocating unit ownership interests does not create separately usable parcels, that the Court never held that dividing space into condominium units shows land development and that they did not claim that the UPCA exempts planned communities from the MPC.

The Court concludes that the Partnership's division of the Property into three units and subsequent conveyance of a unit without Township approval established unlawful subdivision and land development under the SALDO, which required the Partnership to submit a final plan for subdivision or land development to the Township. A subdivision is defined as "the division or redivision of a lot, tract or parcel of land by any means into two or more lots . . . including changes in existing lot lines[.]" Section 303 of the SALDO. A land development is defined as "the division or allocation of land or space, whether initially or cumulatively . . . for the purpose of streets, common areas, leaseholds, condominiums, building groups or other features" as well as "a subdivision of land." *Id.* It is undisputed that the Partnership divided or allocated a twenty-five-acre parcel into planned community units, either as land or space, and then conveyed a unit to the Shaffers without Township approval. These actions unquestionably fall within the meaning of subdivision and land development under Section 303.

■ Nothing in Section 5106(c) of the UPCA supports Appellants' claim that initially dividing one parcel into three to create new planned community units does not establish subdivision or land development. Section 5106(c) provides that creation of a planned community under Section 5201 out of an entire lot, parcel or tract of real estate shall not alone constitute a subdivision or land development.[4] Section 5106(b) provides that no provision of the subpart invalidates or modifies provisions of any zoning, subdivision or building code. Section 5106(c) merely provides that declaring a planned community form of ownership does not in and of itself establish a subdivision or land development. *See* Ryan, Pennsylvania Zoning Law and Practice, § 11.3.10 (interpreting language in the UCA identical to Section 5106(c) of the UPCA and commenting that filing a condominium declaration for an existing structure *already* in compliance with subdivision requirements would not of itself require a second subdivision approval but that the owner has no favored status when converting a new structure or a subdivision of the tract).

4. Section 5201 of the UPCA provides: "A planned community may be created . . . only by recording a declaration. . ." "Planned community" is defined in Section 5103 as follows:

Real estate with respect to which a person, by virtue of ownership of an interest in any portion of the real estate, is or may become obligated by covenant, easement or agreement imposed on the owner's interest to pay any amount for real property taxes, insurance, maintenance, repair, improvement, management, administration or regulation of any part of the real estate other than the portion or interest owned solely by the person.

Appellants' Section 5106(c) argument appears to confuse the act of declaring a planned community form of ownership with creating new units of real property. Their proposed distinction between a unit and parcel is unavailing where even the declaration defines a unit as a parcel. Moreover, assuming *arguendo* their relevance, cases involving the UCA are readily distinguishable. They involved no change in the number of units or lot lines. *See Brookhaven* (holding that no subdivision occurred where the condominium conversion involved no division or changes in lot lines); *accord Salem Harbour.* Finding that no error of law or abuse of discretion was committed by the Board, the Court accordingly affirms its order.

### *O R D E R*

AND NOW, this 23rd day of October, 2008, the Court affirms the March 11, 2008 order issued by the Honorable Michael E. Bortner of the Court of Common Pleas of York County.